**Matthew J. APLIN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A05–0801–CR–1.

Court of Appeals of Indiana.

July 11, 2008.

Lawrence D. Newman, Newman & Newman, Noblesville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Matthew J. Aplin ("Aplin") appeals his convictions for Attempted Sexual Misconduct with a Minor, as a Class B felony,[1] and Child Solicitation, as a Class C felony.[2] We reverse the Attempted Sexual Misconduct with a Mi-

---

1. Ind.Code §§ 35–41–5–1, 35–42–4–9(a)(1).

2. Ind.Code § 35–42–4–6(c)(2).

3. Because we reverse the conviction for Attempted Sexual Misconduct with a Minor, we

nor conviction and affirm the Child Solicitation conviction.

### Issue

Aplin presents four issues for review, which we consolidate and restate as the following issue: whether the State presented sufficient evidence to support the convictions:[3]

### Facts and Procedural History

Aplin communicated via the Internet and through e-mail with Detective Dan Claasen of the Fishers, Indiana Police Department ("Detective Claasen"), who was posing as a fifteen-year-old female identifying herself as "glitterkatie2010." Aplin expressed his desire to have a sexual encounter with "glitterkatie2010" and arranged to meet her at a Starbucks inside a Super Target in Fishers, Indiana. Aplin drove to the Super Target, entered the store, and peered into the Starbucks without going inside.

Aplin was arrested and charged with Attempted Sexual Misconduct with a Minor and Solicitation. At the conclusion of a jury trial on August 21, 2007, Aplin was found guilty as charged. On December 6, 2007, the trial court sentenced Aplin to six years, all suspended, for his conviction of Attempted Sexual Misconduct with a Minor, and two years, all suspended, for his conviction of Solicitation. Aplin was ordered to concurrently serve three years probation for the Class B conviction and one and one-half years probation for the Class C conviction. He now appeals.

### Discussion and Decision

Aplin claims that the evidence is insufficient to support each of his convic-

---

need not address Aplin's contentions that the jury was inadequately instructed on what constitutes an attempt or that he was entitled to a judgment of acquittal at the close of the State's case.

tions. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and the reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). In so doing, we do not assess witness credibility or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

At the outset, we note that the two statutes under which Aplin was charged differ in a manner critical to our analysis; namely, whether the defendant's belief as to the victim's age is relevant. The crime of Child Solicitation encompasses the solicitation of an individual that the defendant "believes to be a child at least fourteen but less than sixteen years of age" while the crime of Sexual Misconduct with a Minor does not. *See* Ind.Code §§ 35–42–4–6(c), 35–42–4–9. This distinction is pertinent to the Attempted Sexual Misconduct with a Minor conviction, as Aplin was accused and convicted of conduct as to an adult.

■ Pursuant to Indiana Code Section 35–41–5–1, a person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. Indiana Code Section 35–42–4–9(a)(1) provides that a person commits Sexual Misconduct with a Minor, as a Class B felony, if he, being at least age twenty-one, "with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct."

"Deviate sexual conduct" is "an act involving a sex organ of one person and the mouth or anus of another person, or the penetration of the sex organ or anus of a person by an object." Ind.Code § 35–41–1–9.

The State charged that Aplin committed Attempted Sexual Misconduct with a Minor when he "did attempt to perform or engage in deviate sexual conduct with Dan Claasen, a person he believed to be a child at least fourteen (14) years of age but less than sixteen (16) years of age, to wit: fifteen (15) years of age by engaging in a substantial step toward the commission of the crime of sexual misconduct with a minor: arranging a meeting with Dan Claasen and traveling to the agreed upon location for the purpose of completing the crime." (App.6.)

■ All crimes are statutory and an act constitutes a crime when our legislature has defined it as such. *Herron v. State*, 729 N.E.2d 1008, 1011 (Ind.Ct.App.2000), *trans. denied.* Indiana Code Section 35–42–4–9(a)(1) criminalizes sexual acts by an adult of at least twenty-one years of age perpetrated against a child at least fourteen but less than sixteen. The State charged that Aplin violated that statutory provision when he attempted to engage in deviate sexual conduct with Dan Claasen. If proven, this did not constitute the offense of attempted Sexual Misconduct with a Minor, because Detective Claasen is an adult.[4] This conviction must be reversed due to insufficient evidence. As discussed below, the appropriate charge in these circumstances is that of Child Solicitation, whereby the State need not prove the actual age of the victim but may prove the

---

**4.** The State alleged that Aplin attempted to engage in sexual conduct with a specified adult, not that Aplin attempted to engage in sexual misconduct with a child but it was impossible to do so because of his misappre-

hension of the circumstances. It is no defense that, because of misapprehension of the circumstances, it would have been impossible for the accused to commit the crime attempted. Ind.Code § 35–41–5–1(b).

solicitor's belief that the solicitee is a minor.[5]

The Child Solicitation provision Aplin was accused of violating, Indiana Code Section 35–42–4–6(c)(2), provides in relevant part as follows:

A person at least twenty-one (21) years of age who knowingly or intentionally solicits a child at least fourteen (14) years of age but less than sixteen (16) years of age, or an individual the person believes to be a child at least fourteen (14) years of age but less than sixteen (16) years of age, to engage in ... deviate sexual conduct ... commits child solicitation, a Class D felony. However, the offense is a Class C felony if it is committed by using a computer network[.]

Thus, the statutory criteria with regard to age is satisfied if either the solicitee is at least fourteen but less than sixteen or the solicitor *believes* that a child of fourteen but less than sixteen was the object of his solicitation.

The State alleged that Aplin "did knowingly or intentionally solicit an individual, to wit: Dan Claasen, a person he believed to be a child at least fourteen (14) years of age but less than sixteen (16) years of age, to-wit: fifteen (15) years of age, to engage in deviate sexual conduct by using a computer network." (App.6.)

The State presented evidence that, on September 6, 2006, Aplin initiated Internet contact with "glitterkatie2010" and asked her to engage in private conversation. "glitterkatie2010" advised that her age was

---

5. Aplin has also strenuously argued that his agreement to meet with Detective Claasen and travel to the agreed upon location are merely preparatory acts insufficient to constitute a substantial step toward the offense of Sexual Misconduct with a Minor. He relies upon *State v. Kemp*, 753 N.E.2d 47 (Ind.Ct. App.2001), *trans. denied*, wherein a panel of this Court concluded that the trial court appropriately dismissed charges of Attempted Child Molesting and Child Solicitation arising from the defendant's Internet communication with and arrangements to meet an adult decoy. The *Kemp* Court observed in relevant part:

To attempt to commit a crime, a person must act with the culpability required for the commission of the crime and engage "in conduct that constitutes a substantial step toward the commission of the crime." I.C. § 35–41–5–1(a). Some actual overt step must be taken or an act in furtherance of committing the crime must be done. *Hughes v. State*, 600 N.E.2d 130, 131–32 (Ind.Ct.App.1992). The overt act must reach far enough towards accomplishing the attempted crime as to amount to commencement of consummation of the crime. *See id.* The overt act must go beyond preparation and planning. *Williams v. State*, 685 N.E.2d 730, 734 (Ind.Ct.App.1997)....

In the instant case, the State alleged in its charging information that Kemp had committed a substantial step toward the offense of child molesting when he agreed to meet "Brittney4u2" at a restaurant parking lot, drove there, and brought some condoms with him. Under these circumstances, we observe that the facts alleged in the information do not reach the level of an overt act leading to the commission of child molesting. At most, such allegations only reach the level of preparing or planning to commit an offense. Were we to conclude otherwise, there would be no limit on the reach of "attempt" crimes. As a result, we conclude that the trial court properly granted Kemp's motion to dismiss the two child molesting counts.

753 N.E.2d at 50–51. The *Kemp* rationale with respect to the Child Solicitation charge has been abrogated by amendment to the relevant statute, Indiana Code Section 35–42–4–6. *See LaRose v. State*, 820 N.E.2d 727, 732 (Ind.Ct.App.2005) (recognizing the abrogation of *Kemp* as it pertains to mistake of fact that the solicitee was a child), *trans. denied*. However, we agree with Aplin that the rationale with respect to what constitutes a "substantial step" remains viable.

fifteen, her sex was female, and her location was Fishers. After "glitterkatie2010" revealed her age, Aplin asked if she would consider meeting for sex, what she was into sexually, and if she would be willing to give and receive oral sex. Aplin offered to drive to her home. "glitterkatie2010" indicated that her mother was home, she had to walk everywhere, and also had to stay close to home. Aplin and "glitterkatie2010" agreed to meet at Starbucks inside a Super Target. Aplin advised that he would be driving a green truck and wearing a yellow shirt and tan pants.

The Internet conversation ended at 3:24 p.m. and by 4:13 p.m. Aplin arrived in his green truck at the Fishers Super Target parking lot. He was wearing tan pants, a yellow shirt, and a green sweater. Officers observed Aplin walk to the entrance of the Starbucks and "peer inside." (Tr. 67.)

The State presented sufficient evidence from which the jury could conclude that Aplin used a computer network to solicit a person he believed to be fifteen years old to engage in deviate sexual conduct. Aplin's emphasis on the youthful appearance of the Internet photograph of "glitterkatie2010" and the Yahoo requirement that chat room participants be at least eighteen years of age is merely an invitation to reweigh the evidence. This we cannot do. *Drane*, 867 N.E.2d at 146.

### Conclusion

The State did not establish Aplin's commission of Attempted Sexual Misconduct with a Minor. Therefore, we remand with instructions to the trial court to vacate this conviction and sentence. However, there is sufficient evidence to support Aplin's conviction for Child Solicitation.

Affirmed in part, reversed in part, and remanded with instructions.

FRIEDLANDER, J., and KIRSCH, J., concur.