In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3748

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RAHUL MANNAVA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:06-cr-00176-PPS-APR-1—**Philip P. Simon**, *Judge*.

ARGUED DECEMBER 4, 2008—DECIDED MAY 15, 2009

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*.  Rahul Mannava was convicted
by a jury of violating 18 U.S.C. § 2422(b), which makes it
a crime to persuade, induce, entice, or coerce a minor
"to engage in prostitution or any sexual activity for
which any person can be charged with a criminal offense,
or [to attempt] to do so." The judge sentenced Mannava
to 10 years in prison.

A detective posing as a 13-year-old girl named "Gracie"
had engaged in email conversations with Mannava

during which Mannava had sought to persuade "her" to have sex with him (also to fondle herself in a sexual manner) and they had arranged to meet at an ice cream parlor. The indictment charged him with having engaged in sexual activity chargeable as criminal offenses under Indiana law. In response to his motion for a bill of particulars, the government identified two Indiana statutes. One, the "vicarious sexual gratification" law, makes it a felony for an adult knowingly to induce a child under 16 "to touch or fondle" herself "with intent to arouse or satisfy" the child or the adult. Ind. Code § 35-42-4-5(a). The other, the "child solicitation" law, forbids an adult knowingly to solicit a child who is, or who the adult believes is, under 14 to engage in sexual activity. Ind. Code § 35-42-4-6(b). The jury rendered a general verdict; it was not asked to specify the Indiana offense that the defendant had committed.

Mannava challenges his conviction on four grounds. Only one requires reversal. But since the case must go back to the district court for further proceedings, we shall address the others as well.

The ground that requires reversal is the prosecutor's incessant harping at the trial on the theme that Mannava had been intending to "rape" a 13-year-old. Mannava testified, with some support in the text of the email conversations with the detective, that he thought "Gracie" was an adult pretending to be a young girl. It was not a ridiculous defense. "Gracie" *was* an adult pretending to be a child, and maybe the pretense was discernible. The prosecutor may have feared that the jury would be persuaded.

Sex with a minor is commonly referred to as statutory rape; but the term in the Indiana statute book is "child molestation," Ind. Code § 35-42-4-3; and saying that someone intends to rape a person implies that he intends to use force, and there is no evidence of that in this case. The government concedes, moreover, that under Indiana law, youth is not one of the "mental deficien[cies]" that precludes meaningful consent to sexual intercourse under Ind. Code 35-42-4-1(a). *Douglas v. State*, 484 N.E.2d 610, 612-13 (Ind. App. 1985); *Smith v. State*, 497 N.E.2d 601, 606-07 (Ind. App. 1986); *Warrick v. State*, 538 N.E.2d 952, 954-55 (Ind. App. 1989). By repeatedly accusing Mannava of intending rape, the prosecutor was undoubtedly trying to inflame the jury. The case was sufficiently close to make the trial judge's permitting such improper advocacy a reversible error.

Mannava further argues that the jury should have been required to specify which of the Indiana offenses it thought he had committed. The argument was not made in the district court, so our review is for plain error. An error is plain if it is clearly an error and could with some nontrivial probability have changed the outcome of the case. *United States v. Olano*, 507 U.S. 725, 732-35 (1993); *United States v. White*, 903 F.2d 457, 466-67 (7th Cir. 1990); *United States v. Newman*, 965 F.2d 206, 213 (7th Cir. 1992) (citations omitted) ("a plain error is not only a clear error but an error likely to have made a difference in the judgment, so that failure to correct it could result in a miscarriage of justice, that is, in the conviction of an innocent person or the imposition of an erroneous sentence"). The second criterion is not satisfied. Had the

jury (unswayed by improper advocacy by the prosecution) believed Mannava, it would have acquitted him of both offenses, and if it disbelieved him it would have convicted him of both. True, the "vicarious sexual gratification" law, unlike the "child solicitation" law, says nothing about belief, which has led one Indiana court to rule that if the victim is indeed not a child (as in the present case), there is no violation. *Indiana v. Kemp*, 753 N.E.2d 47, 52 (Ind. App. 2001). (The statute was later amended to reject that interpretation, see *LaRose v. State*, 820 N.E.2d 727, 731-32 (Ind. App. 2005), but Mannava had been charged under the original version.) Recall, however, that 18 U.S.C. § 2422(b), the federal statute under which the defendant was charged, includes *attempting* to violate a statute that the federal statute incorporates by reference, such as Indiana's vicarious sexual gratification law.

Nevertheless it was an error to allow the jury to convict without a unanimous determination that the defendant had violated one or both of the Indiana statutes, and the error should be corrected in any retrial. Denying that there was an error, the government argues that if half (or some other fraction) of the jurors had agreed among themselves that Mannava had violated just one of the Indiana statutes and the rest of the jurors had agreed among themselves that he had violated just the other statute, the conviction would be valid because the offense of which he was convicted was the federal offense of committing an offense or offenses chargeable under state law, and the jury was unanimous that he had committed *that* offense. This reasoning leads to the

absurd conclusion, which the government's lawyer embraced at argument while acknowledging its absurdity, that the government could charge a defendant with violating the federal statute by violating 12 state statutes and that he could be properly convicted even though with respect to each of the 12 state offenses 11 jurors thought him innocent and only one thought him guilty. If a further *reductio ad absurdum* is desired, imagine a federal statute that made it a crime to commit a chargeable offense on any federal property, and a prosecution in which the government charged that the defendant had committed 25 such offenses and the jury rendered a general verdict of guilty.

These examples bring out the reasoning behind the rule that the jury must, to convict, be unanimous with respect to all the elements of the charged offense. *Richardson v. United States*, 526 U.S. 813, 817 (1999). Without the rule, the requirement of unanimity would be without force in a case like this. The liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense in order to preserve the requirement of jury unanimity. This is most easily seen in a case in which only one other statute besides section 2422(b) is involved. Suppose a defendant had been charged just with vicarious sexual gratification. The jury would have to be unanimous that he had committed that offense before it could return a verdict of guilty of violating section 2422(b). If so, then in a case in which the defendant is accused of having violated several statutes incorporated

by reference, the jury has to be unanimous with regard to the violation of at least one of them. *Richardson v. United States*, *supra*, 526 U.S. at 818-20; *United States v. Carr*, 424 F.3d 213, 224 (2d Cir. 2005).

The government relies on cases in which jurors disagree over details of the defendant's conduct. Suppose it were uncertain whether the defendant had committed the offense on January 1 or January 2, and some jurors thought it was the first and others that it was the second. Since nothing would turn on the disagreement, it would not invalidate the verdict. *United States v. Gibson*, 530 F.3d 606, 611-12 (7th Cir. 2008); *United States v. Jackson*, 479 F.3d 485, 490-92 (7th Cir. 2007); *United States v. Johnson*, 495 F.3d 951, 974-75 (8th Cir. 2007). That is different from disagreement over which offense the defendant committed.

But from what we said earlier it should be apparent that Mannava's further argument that because the "vicarious sexual gratification" statute, unlike the "child solicitation" statute, does not prohibit conduct by a person who mistakenly believes that he is enticing a child, he cannot be convicted. The argument ignores not only the federal statute under which Mannava was convicted, 18 U.S.C. § 2422(b), which criminalizes an attempt to violate an incorporated statute, but also Indiana's general attempt statute, Ind. Code § 35-41-5-1. Subsection (b) of that statute states that "it is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted."

Against this Mannava cites *Aplin v. State*, 889 N.E.2d 882, 884 (Ind. App. 2008), in which the charge was an "attempt

to perform or engage in deviate sexual conduct with Dan Claasen, a person he believed to be" under 16. Claasen was a detective impersonating a 15-year-old, and the court ruled that "if proven, this did not constitute the offense of attempted Sexual Misconduct with a Minor, because Detective Claasen is an adult . . . . The State alleged that Aplin attempted to engage in sexual conduct with a specified adult, not that Aplin attempted to engage in sexual misconduct with a child but it was impossible to do so because of his misapprehension of the circumstances. It is no defense that, because of misapprehension of the circumstances, it would have been impossible for the accused to commit the crime attempted." *Id*. at 884 and n. 4 (citing the Indiana general attempt statute). Mannava's belief that Gracie was an adult (if he did believe that) would negate the offense, because belief that one is dealing with a child is an element of the offense. But whether one is actually dealing with a child or an adult is irrelevant to attempt, given that impossibility is not a defense to the attempt.

Mannava further argues that by stating that anyone who in enticing, etc., a minor "can be *charged* with a criminal offense," section 2422(b) denies a defendant due process of law by allowing him to be convicted on less than proof beyond a reasonable doubt. Indeed, read literally, the quoted language would make it a federal offense to engage in conduct that created only probable cause to think that one had committed a criminal offense, since probable cause is all that is required to charge someone with an offense. That would be a good example of an interpretation that, though literally correct—though

dictated by "plain meaning"—was absurd, and therefore erroneous. *Burns v. United States*, 501 U.S. 129, 137 (1991); *United States v. American Trucking Associations*, 310 U.S. 534, 543 (1940); *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 332-33 (1938); *Green v. Bock Laundry Machinery Co.*, 490 U.S. 504, 527-28 (1989) (Scalia, J., concurring); *Sompo Japan Ins. Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 787 (7th Cir. 2008); *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). Literal interpretations that produce absurd results are not only unacceptable grounds for legal rulings that affect rights and interests; they misunderstand "interpretation." Language is a reliable means of communication only because (and when) speaker and listener or reader share implicit contextual understandings rich enough to bridge the inevitable gaps in explicit communicating that economize on communication. If you order a cup of coffee in a restaurant, the waiter does not bring you a cup full of coffee beans, or a cup containing only two drops of (liquid) coffee. One doesn't need an "anti-absurdity canon of construction" to disambiguate your order, or to understand the sense in which 18 U.S.C. § 2422(b) uses "charged with a criminal offense."

The judge did not commit the fallacy of acontextual interpretation. He told the jury that it had to find that the defendant had *violated* a state statute and that the government had to prove a violation beyond a reasonable doubt. The judge could have been clearer, however, and in instructing the jury on retrial he should tell it that although the statute uses the term "can be charged with a criminal offense," the meaning is (with a qualification about to be noted) "committed a criminal offense."

This is not to say that a defendant must *always* violate the underlying state statute in order to be convicted under section 2422(b). If state law criminalizes only the completed sexual act, section 2422(b) would still impose liability for attempting to induce or persuade a minor to engage in the act, because an attempt "to engage in . . . any sexual activity for which any person can be charged with a criminal offense" is explicitly criminalized by that section. But that is not an issue here, because the state law offenses are offenses of solicitation and hence do not require a completed sexual act.

REVERSED AND REMANDED.