JORDAN, Circuit Judge,
concurring in the judgment.
Differentiating between the elements of a crime and the means of committing an offense can sometimes be difficult. As the Supreme Court recognized in Schad v. Arizona, 501 U.S. 624, 689, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion), there is no “bright-line test” for “deciding, as an abstract matter, what elements an offense must comprise.”
Acknowledging that difficulty, it seems to me that the question of whether or not a person “can be charged with a criminal offense” is an element of the offense set forth in 18 U.S.C. § 2422(b). Our pattern jury instructions say that it is an element of the offense, and the district court instructed the jury that it is an element of the offense. See Eleventh Circuit Criminal Pattern Jury Instructions, Offense Instruction No. 92.2 (2016); D.E. 60 at 288. See also United States v. Meek, 366 F.3d 705, 718 (9th Cir. 2004) (an element of criminal liability under § 2422(b) is that a person must knowingly engage in sexual activity that would constitute a criminal offense). Mr. Jockisch was therefore entitled to a unanimity instruction on this element under the rationale of Richardson v. United States, 526 U.S. 813, 818-19, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (recognizing “the tradition of requiring juror unanimity where the issue is whether a defendant has engaged in conduct that violates the law” and emphasizing the risk that, unless jurors are “required to focus upon specific factual detail, [they] will fail to do so, [instead] simply concluding ... that where there is smoke there must be fire”).
I agree with, and cannot improve upon, the Seventh Circuit’s position on this issue in a similar § 2422(b) case:
[I]t was an error to allow the jury to convict without a unanimous determination that the defendant had violated one or both of the Indiana statutes, and the error should be corrected in any retrial. Denying that there was an error, the government argues that if half (or some other fraction) of the jurors had agreed among themselves that [the defendant] had violated just one of the [state] statutes and the rest of the jurors had agreed among themselves that he had violated just the other statute, the conviction would be valid because the offense of which he was convicted was the federal offense of committing an offense or offenses chargeable under state law, and the jury was unanimous that he had committed that offense. This reasoning leads to the absurd conclusion, which the government’s lawyer embraced at argument while acknowledging its absurdity, that the government could charge a defendant with violating the federal statute *1136 by violating 12 state statutes and that he could be properly convicted even though with respect to each of the 12 state offenses 11 jurors thought him innocent and only one thought him guilty. If a further reduetio ad absurdum is desired, imagine a federal statute that made it a crime to commit a chargeable offense on any federal property, and a prosecution in which the government charged that the defendant had committed 25 such offenses and the jury rendered a general verdict of guilty.
United States v. Mannava, 565 F.3d 412, 415 (7th Cir. 2009).
The majority’s rationale has an air of inevitability, but that is only because, in this case, the government alleged and proved that Mr. Jockisch’s attempted conduct (having sex with the fictional minor) would have violated at least one of three Alabama statutes, each of which have a common element (sexual contact). As a result, not instructing the jury on unanimity was harmless. See generally Neder v. United States, 527 U.S. 1, 13-15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). But that may not always be the case.
Imagine a § 2422(b) prosecution where the defendant contacts a real minor across state lines—say from Florida to Georgia— and the conversations between the two indicate that sexual activity is planned in both states. This hypothetical is not farfetched, as similar conduct has been charged in other § 2422(b) cases. Cf. United States v. Tykarsky, 446 F.3d 458, 463 n.2 (3d Cir. 2006) (alleging, in § 2422(b) case, that planned conduct could have been charged as statutory rape under the laws of New Jersey and Pennsylvania).
If the government in such a case charges that the attempted sexual conduct—whatever it may be—constitutes various different criminal offenses under the laws of both Florida and Georgia, and those laws share little or nothing in common, would we allow a jury to return a verdict without unanimously concluding whether or not the attempted conduct would have violated a given law? As the Seventh Circuit explained in Mannava, the answer is no.
Accordingly, and with respect, I concur in the judgment.