# United States Court of Appeals
## For the First Circuit

No. 17-1262

UNITED STATES OF AMERICA,

Appellee,

v.

JOEL SALDAÑA-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Jessica E. Earl, Assistant Federal Public Defender, with whom Eric Alexander Vos, Federal Public Defender, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Franco L. Pérez-Redondo, Research and Writing Specialist, were on brief, for appellant.
Francisco A. Besosa-Martínez, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

February 1, 2019

**KAYATTA**, **Circuit Judge**.  In March 2017, a jury convicted Joel Saldaña-Rivera ("Saldaña") under 18 U.S.C. § 2422(b) of attempted coercion and enticement of a minor to engage in sexual activity for which Saldaña could be charged with sexual assault under the laws of Puerto Rico.  Saldaña appeals his conviction, arguing that he could not have been charged with sexual assault under Puerto Rico law because the person he tried to entice was an adult federal agent posing as a minor.  Saldaña also challenges the jury instructions regarding the government's burden of proof.  For the following reasons, we affirm Saldaña's conviction.

## I.

In February 2016, Saldaña, an adult using the moniker "Irresistible," engaged in an online conversation with an undercover Department of Homeland Security ("DHS") agent.  The agent, using the moniker "JessiRiv," told Saldaña he was an eleven-year-old girl.  The conversation began in an online chatroom before moving to Kik Messenger, a messaging application for mobile devices that provides some degree of anonymity to users.

During the conversation, Saldaña sent photographs of himself to "JessiRiv" and asked her to send photographs back.  Saldaña also asked "JessiRiv" where her father was and what she was wearing.  During the course of their conversation, Saldaña agreed to meet "JessiRiv" in person with the understanding that

they would go to her parents' house, have sex, and watch pornography.

When Saldaña arrived at the location where he thought he would be meeting an eleven-year-old "JessiRiv," he instead met the DHS agent and other law enforcement officials. After being Mirandized and arrested, Saldaña told the officials that he believed he had been communicating with an eleven-year-old girl and that he had gone to the meeting location with the intent to have sex with her.

Saldaña was indicted with one count of attempted sexual coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). He initially pleaded guilty before a magistrate judge, but he withdrew his guilty plea before the district court accepted the magistrate judge's report and recommendation. After he moved unsuccessfully to dismiss the indictment, the case went to trial "solely," in Saldaña's words, "to preserve the legal ruling for appellate review."

At trial, the undercover DHS agent, another DHS agent, and a Puerto Rico Police Department officer testified. The government also presented screenshots of the conversations between Saldaña and "JessiRiv." As Saldaña acknowledges, "the evidence and testimony of the witnesses went largely uncontested." At the end of the government's case, Saldaña moved under Rule 29 for a

judgment of acquittal, which the district court denied. See Fed. R. Crim. P. 29.

The jury found Saldaña guilty of violating section 2422(b). The district court sentenced Saldaña to 120 months' imprisonment, the statutory minimum, to be followed by fifteen years of supervised release. Saldaña now appeals.

**II.**

**A.**

The federal coercion-and-enticement-of-a-minor statute, section 2422(b), provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

A conviction under section 2422(b) for attempting to entice a minor to engage in sexual activity plainly requires that the attempted sexual activity be activity "for which any person can be charged with a [crime]." Id. And chargeable sexual activity includes crimes defined by state law. United States v. Dwinells, 508 F.3d 63, 72 (1st Cir. 2007). In this case, the government asserted that the sexual activity that Saldaña sought

- 4 -

could have been charged as a crime under Article 130 of the Puerto

Rico Penal Code, which states:

> [A]ny person who purposely, knowingly, or recklessly carries out . . . an oral/genital act or vaginal act or anal sexual penetration, whether genital, digital, or instrumental . . . if the victim at the time of the offense had not reached 16 years of age [shall be punished in accordance with the remainder of the Code].

See P.R. Laws Ann. tit. 33, § 5191(a).[1]

Saldaña counters that, given the actual facts, he could not have been charged under Article 130 because Article 130 only criminalizes sex with an actual minor, and Puerto Rico law (he says) does not criminalize an attempt to commit a crime where success is factually impossible. The government concedes the former point and disputes the latter. Neither party, though, refers us to any Puerto Rican case law on the latter point. And it is not clear why Puerto Rico's attempt statute, which appears to prohibit factual impossibility as a defense, would not apply to Article 130.[2] Regardless, for purposes of this appeal, we will assume without deciding that Saldaña could not have been charged

---

[1] The statute is drafted in Spanish. Both parties agree on this English translation, which mirrors the instruction the district court gave to the jury.

[2] Puerto Rico law defines attempt as existing "when the person acts with the purpose of producing the crime or with knowledge that the crime would be produced, and the person performs unequivocal actions directed to the consummation of a crime that it is not consummated due to circumstances not of its own will." P.R. Laws Ann. tit. 33, § 5048. We rely on a certified English translation that the government submitted to the district court and was included in the appendix on appeal.

with any crime under Article 130 because he was not communicating with a minor.

This assumption nevertheless does not provide the exculpation Saldaña seeks. Nothing in the language of section 2422(b) requires the government to show that Saldaña himself could have been charged under Article 130. Rather, criminal liability arises under section 2422(b) if a defendant "attempts" "to engage in any sexual activity for which any person can be charged." We therefore look to Commonwealth law not to see if Saldaña could have been charged under that law, but rather to see if any adult who engages in the sexual activity in which Saldaña attempted to engage could be charged. Answering this question requires that we pick the proper perspective for defining the "sexual activity" in which Saldaña sought to engage. Do we assay the facts objectively, as they actually existed? If so, then one could say that, in fact, Saldaña was seeking to have sex with an adult Homeland Security agent. Or do we define the facts subjectively, from Saldaña's perspective? If so, then clearly he was attempting to have sex with a child, an activity plainly prohibited by Puerto Rico law. Two reasons point to the subjective perspective.

First, "attempt" crimes under federal law[3] train our attention on the defendant's "intention to commit the substantive offense."  United States v. Berk, 652 F.3d 132, 140 (1st Cir. 2011) (citing United States v. Burgos, 254 F.3d 8, 12 (1st Cir. 2001)).

Second, while conviction for an attempted offense under federal law also requires evidence that the defendant in fact took a "substantial step towards" the commission of the offenses (here, for example, going to the assigned meeting), id., we have rejected factual impossibility as a defense to an attempt crime, albeit in the context of a different substantive offense, see United States v. Dixon, 449 F.3d 194, 201-202 (1st Cir. 2006) (holding that factual impossibility is not a defense against liability for attempted use of the mails to deliver a communication containing a threat to injure the addressee); United States v. Mehanna, 735 F.3d 32, 53 (1st Cir. 2013).  We see no reason not to take the same position in connection with this particular attempt crime. And our sister circuits have so far, without exception, taken just such a position in refusing to read section 2422(b) as requiring the government to prove that the attempt could in fact have resulted in unlawful sexual activity with a minor.  See United States v. Tykarsky, 446 F.3d 458, 465-69 (3d Cir. 2006) (so holding

---

[3] There is no general federal "attempt" crime, but federal law criminalizes the attempt of many specific crimes, including section 2422(b).  See, e.g., 21 U.S.C. § 846 (drugs); 18 U.S.C. § 1113 (murder/manslaughter); 18 U.S.C. § 1349 (fraud).

and collecting cases); see also United States v. Jockisch, 857 F.3d 1122, 1129 (11th Cir.), cert. denied, 138 S. Ct. 284 (2017); United States v. Hart, 635 F.3d 850, 855 (6th Cir. 2011); United States v. Mannava, 565 F.3d 412, 416 (7th Cir. 2009); United States v. Gagliardi, 506 F.3d 140, 145-147 (2d Cir. 2007); United States v. Helder, 452 F.3d 751, 753-56 (8th Cir. 2006); United States v. Sims, 428 F.3d 945, 959-60 (10th Cir. 2005); United States v. Meek, 366 F.3d 705, 717-720 (9th Cir. 2004); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001).[4]

Saldaña points out that in several instances federal courts have upheld convictions under section 2422(b) by pointing out that the applicable state law (unlike, we assume, the Commonwealth's law) criminalized not just the act of having sex with a minor, but also the attempt to do so. See, e.g., Mannava, 565 F.3d at 416; United States v. Kaye, 243 Fed. Appx. 763, 766 (4th Cir. 2007). Saldaña would have us read these cases as implying that the result would have been different in those cases had the applicable state law not itself criminalized attempts. We

---

[4] As some of our sister courts have acknowledged, holding otherwise would prevent law enforcement from using sting operations and decoys to police the criminal coercion and persuasion of minors for sex. See, e.g., Gagliardi, 506 F.3d at 146-47; Tykarsky, 446 F.3d at 468; Meek, 366 F.3d at 719. These common practices have led to convictions that we have upheld. See, e.g., United States v. Hinkel, 837 F.3d 111, 115-16 (1st Cir. 2016), cert. denied, 137 S. Ct. 1106 (2017); United States v. Dwinells, 508 F.3d 63, 65-67 (1st Cir. 2007).

disagree. The courts in those cases chose to rest on obviously sufficient grounds for affirmance without suggesting that other grounds were also not available. And this is not an issue upon which a court would likely rule only by implication bereft of any analysis and against the unanimous weight of authority. Saldaña also cites United States v. Tello, 600 F.3d 1161 (9th Cir. 2010), but in that case the court actually confirmed (though without relevant discussion) a conviction under section 2422(b) for a similar, factually impossible attempt.

Having read the statutory text and surveyed the case law, including the comprehensive analysis set forth in Tykarsky, we see no reason to chart a minority path. The sexual activity attempted by Saldaña was sex with an eleven-year-old girl; and sex with an eleven-year-old girl is sexual activity for which he could have been charged with a crime under Puerto Rico law. The district court therefore did not err in denying Saldaña's Rule 29 motion for a judgment of acquittal.

## III.

Saldaña challenges the jury instructions on two grounds. His first argument -- that the district court erred by failing to instruct the jury that an actual minor was required to convict under section 2422(b) -- fails for the reasons discussed above.

Saldaña's second argument arises out of the fact that section 2422(b) requires that the sexual activity the defendant

- 9 -

sought to bring about be "sexual activity for which any person can be charged with a criminal offense."  One might literally read that language as including suspicious but nevertheless lawful conduct that might furnish probable cause for an indictment.  See Mannava, 565 F.3d at 416 ("Indeed, read literally, [section 2422(b)] would make it a federal offense to engage in conduct that created only probable cause to think that one had committed a criminal offense, since probable cause is all that is required to charge someone with an offense.").  For example, there might be probable cause to indict under Article 130, but insufficient evidence to convict, a defendant who plausibly claims that his sexually explicit, coercive messages to a minor were the result of intimidation or violence sufficient to negate the requisite criminal intent.  See P.R. Laws Ann. tit. 33, § 5045 (listing exclusions from criminal liability).  Not surprisingly, the Seventh Circuit has eschewed this arguably literal reading of section 2422(b).  See Mannava, 565 F.3d at 416 ("That would be a good example of an interpretation that, though literally correct -- though dictated by 'plain meaning' -- was absurd, and therefore erroneous.").

In this case, the district court pretty much tracked the statutory language literally when instructing the jurors on the

- 10 -

government's burden.[5]  That normally quite prudent approach created a risk with this particular statute that jurors might construe the language as requiring only that the sexual activity be chargeable rather than criminally unlawful.  The accompanying instructions routinely given in federal criminal trials can increase this risk. Such instructions often warn jurors not to place weight on the fact that the government indicted the defendant for the federal offense being tried.  The court will explain (as in this very case) that there only need be "probable cause," a "very low standard of proof," to justify "a charge."  So one can see how jurors might piece together the wrong conclusion that the facts concerning the nature of the attempted sexual activity need only provide probable cause to support a charge under Article 130.  All in all, this is one of those unusual instances in which a paraphrase of the statute -- as requiring that the sexual activity be a crime -- would have been far preferable.  See, e.g., Nancy Torresen, 2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2018), http://www.med.uscourts.gov/pdf/crpjilinks.pdf

---

[5] The district court instructed:

> For the government to prove Mr. Saldaña guilty of this crime and for you to find that the government proved this case beyond a reasonable doubt the United States must prove . . . that if a sexual activity had occurred Mr. Saldaña could have been charged with a criminal offense under the laws of the United States and Puerto Rico.

(tracking the statute but then instructing that jurors must find beyond a reasonable doubt "that the sexual activity was a criminal offense"); Pattern Criminal Jury Instructions of the Seventh Circuit 630 (2012 ed.), http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.doc (instructing that, "if the sexual activity had occurred," the defendant "would have committed the criminal offense"); see also United States v. Lundy, 676 F.3d 444, 450-51 (5th Cir. 2012) (affirming the instruction that the government must prove that the defendant "attempted to persuade, induce or entice a minor to engage in some form of unlawful sexual activity" (emphasis added)).

Saldaña, though, did not object to the district court's instruction, likely because his lawyer did not construe the instruction in the arguably literal -- but incorrect -- manner we acknowledge could be possible. So we review this whole issue only for plain error, which requires among other things that there be clear error that "affected [Saldaña's] substantial rights." United States v. Vicente, 909 F.3d 20, 23 (1st Cir. 2018) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)). In other words, he need "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004)). Saldaña cannot make this showing because the

- 12 -

evidence of his guilt was overwhelming.  He did not even contest that he sought sex with an eleven-year-old.  And no juror could reasonably construe such activity as anything other than unlawful under Article 130.

## IV.

For the foregoing reasons, we <u>affirm</u> Saldaña's conviction under 18 U.S.C. § 2422(b).