# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2558
_____

United States of America,

*Plaintiff - Appellee,*

v.

Jeremy Robert Ward,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: June 13, 2025
Filed: September 2, 2025

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

COLLOTON, Chief Judge.

Jeremy Ward was convicted by a jury of several offenses related to sexual exploitation of a minor. He appeals only his conviction for enticement of a minor

under 18 U.S.C. § 2422(b), and argues that the district court[*] gave a faulty jury instruction on that count. We conclude that there was no prejudice to Ward, and affirm the judgment.

I.

In September 2022, Ward, a thirty-two-year-old Michigan resident, contacted a female minor in Arkansas on the messaging application Snapchat. The minor was twelve years old but told Ward that she was seventeen. Ward claimed in the chat to be twenty-two years old.

Over a three-week period, the two exchanged pictures, videos, voice messages, and video conversation. At Ward's request, the minor sent pictures and videos in which she was naked, and Ward sent the minor explicit photos of himself.

Ward proposed engaging in sexual acts when the two were together, and the minor assented. On October 15, Ward traveled to Arkansas and attempted to engage in sexual intercourse with the minor. The minor resisted, and her parents arrived in time to stop Ward.

A grand jury charged Ward with nine violations of federal law relating to sexual exploitation of a minor. Count One, at issue here, charged Ward with enticing a minor to engage in "any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). The indictment alleged that Ward enticed the minor to engage in sexual activity for which Ward could be charged under an Arkansas statute concerning sexual indecency with a child. *See* Ark. Code Ann. § 5-14-110.

---

[*]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

At trial, the district court instructed the jury that one element of § 2422(b) required the government to prove that "if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of Arkansas, namely Sexual Indecency with a Child, in violation of Arkansas Code Annotated § 5-14-110." The instruction explained that an adult commits sexual indecency with a child if he solicits another person who is less than fifteen years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact.

Ward asked the court to augment the jury instruction by providing for an affirmative defense. Arkansas law states that "[w]hen criminality of conduct depends on a child's being below a critical age older than fourteen (14) years, it is an affirmative defense that the actor reasonably believed the child to be of the critical age or above." Ark. Code Ann. § 5-14-102(d)(1). Ward asked the district court to instruct the jury that he asserted "the affirmative defense of reasonable belief to the charges of sexual indecency with a child," and that he could establish the defense if he reasonably believed that the minor was fifteen years of age or older.

The district court denied Ward's proposed instruction. The court reasoned that because § 2422(b) requires only proof of enticement to engage in sexual activity "for which any person can be charged," there is "no requirement of proof," and "[y]ou don't get into affirmative defenses with respect to charging decisions."

The jury convicted Ward on all nine counts. The court sentenced him to 480 months' imprisonment on multiple counts, to be served concurrently.

II.

Ward appeals his conviction under 18 U.S.C. § 2422(b) on the ground that the district court improperly denied his request to instruct the jury on his affirmative defense to the Arkansas offense. He argues that because the enticement must involve

-3-

"any sexual activity for which any person can be charged with a criminal offense," the government must prove that he would have committed the cited Arkansas offense if the enticed activity had occurred. Therefore, he contends, the jury should have been instructed on an affirmative defense by which he could prove that he would not have committed the Arkansas offense by engaging in sexual activity with the minor. Ward adds that in Arkansas, a prosecuting attorney can charge an individual based on criminal information without even a determination of probable cause. Ark. Const. Amend. 21, § 1.

Ward relies on decisions from other circuits suggesting that the plain meaning of § 2242(b) should not be followed. Although the statute requires proof of sexual activity for which any person "can be charged," the First Circuit perceived a risk that "jurors might construe the language as requiring only the sexual activity be chargeable rather than criminally unlawful." *United States v. Saldaña-Rivera*, 914 F.3d 721, 726 (1st Cir. 2019). The Seventh Circuit thought a "literal" application of the statute—requiring only proof of an offense with which the defendant can be "charged"—would be "absurd, and therefore erroneous." *United States v. Mannava*, 565 F.3d 412, 416 (7th Cir. 2009). The court said that liability under § 2422(b) "depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense." *Id*. at 415.

We are naturally reluctant to impose an element that is not set forth in the text of the statute. Ward raises no constitutional claim, and the statute plainly requires only enticement of "sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(b). It is reasonable to infer that Congress legislated against background principles concerning when an offense properly "can be charged"—malicious prosecutions without probable cause can be excluded. Congress also presumably knew of longstanding professional standards that a prosecutor should file criminal charges only on a reasonable belief that admissible

-4-

evidence will be sufficient to support a conviction beyond a reasonable doubt. *See* Crim. Just. Standards for the Prosecution Function § 3-4.3 (A.B.A. 2017); U.S. Dep't of Just., Just. Manual § 9-27.220 (2023). But it would be too aggressive as a matter of statutory construction to add a new element requiring a conviction on the Arkansas offense in the federal case when Congress specified only chargeability. It would not be absurd, for example, if Congress chose effectively to eliminate state-law affirmative defenses based on mistake of age and to place the onus on those who entice youthful partners to verify date of birth.

Even so, an affirmative defense may be relevant to whether an offense properly can be charged in Arkansas. A police officer lacks probable cause to arrest if he is aware of facts and circumstances that conclusively establish an affirmative defense to a potential charge. *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004); *Est. of Dietrich v. Burrows*, 167 F.3d 1007, 1011-12 (6th Cir. 1999). The same should hold true for an Arkansas prosecutor. We cannot say, therefore, that affirmative defenses are never relevant to charging decisions or that a conclusive affirmative defense would not bear on whether a suspect "can be charged" with a particular criminal offense.

On this record, however, we are satisfied that any error in the jury instruction did not substantially influence the outcome of the proceeding. *See Kotteakos v. United States*, 328 U.S. 750, 765 (1946); *United States v. Bear Killer*, 534 F.2d 1253, 1259 (8th Cir. 1976). Ward's proposed affirmative defense to the putative Arkansas charge was far from conclusive. His claim that he reasonably believed the twelve-year-old victim was aged fifteen years or older at best creates a factual dispute about what he believed and whether the belief was reasonable. With or without the affirmative defense, the government's evidence showed that Ward enticed sexual activity for which he could be charged—that is, the evidence was sufficient to establish probable cause and proof beyond a reasonable doubt that Ward would have violated the Arkansas statute on sexual indecency with a child. The proposed

affirmative defense thus would not have undermined the jury's finding that Ward enticed the twelve-year-old minor to engage in sexual activity for which he "can be charged with a criminal offense."

The judgment of the district court is affirmed.

_____