[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15214
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cv-01718-JA-TBS; 6:11-cr-00240-JA-TBS-1

JOHN K. FREEMAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 25, 2019)

Before JILL PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

John Freeman appeals the district court's order denying his petition for a writ of error <u>coram nobis</u>, 28 U.S.C. § 1651.  Freeman seeks to attack his 2013 conviction for fraudulently concealing property belonging to a bankruptcy debtor estate, in violation of 18 U.S.C. § 152(1).  No reversible error has been shown; we affirm.

## I.    Background

In August 2011, a grand jury charged Freeman with violating 18 U.S.C. § 152(1) by knowingly and fraudulently concealing from his creditors and from a United States bankruptcy trustee a bank account containing over $700,000.  One month later, the grand jury returned a superseding indictment, again charging Freeman with one count of violating section 152(1).  The superseding indictment also set forth additional factual allegations about Freeman's possession of the funds deposited into the bank account (which Freeman held jointly with his mother) and about Freeman's concealment of the bank account during his bankruptcy proceedings.

2

The district court denied Freeman's pretrial motion to dismiss the superseding indictment as untimely.  Following a six-day trial, the jury found Freeman guilty of the charged offense.  The district court sentenced Freeman to five years' probation.  We affirmed Freeman's conviction on direct appeal in November 2015.  See United States v. Freeman, 631 F. App'x 784 (11th Cir. 2015) (unpublished).  Freeman filed a petition for writ of certiorari with the Supreme Court, which was denied on 3 October 2016.

Freeman later moved for early termination of his probation, which the district court granted on 7 June 2016.

On 2 October 2017, Freeman filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  The district court dismissed Freeman's section 2255 motion because Freeman was no longer in custody.

Freeman then filed the petition for a writ of error coram nobis at issue in this appeal.  In his petition, Freeman raised three claims of ineffective assistance of counsel.[*]  Briefly stated, Freeman argued that his trial and appellate lawyers were ineffective for failing to (1) move to dismiss the superseding indictment as untimely on grounds that the superseding indictment impermissibly broadened and

---

[*] For purposes of this appeal, we will assume -- without deciding -- that a claim for ineffective assistance of counsel may, under some circumstances, be asserted properly in a coram nobis petition.  For background, see United States v. Morgan, 346 U.S. 502 (1954); Moody v. United States, 874 F.2d 1575 (11th Cir. 1989).

3

substantially amended the original indictment; (2) object to the constructive amendment of the superseding indictment through evidence presented at trial; and (3) object to the general verdict form on the ground that it permitted a non-unanimous verdict.

The district court denied Freeman's petition. Applying the standard announced in Strickland v. Washington, 466 U.S. 668 (1984), the district court concluded that Freeman had failed to demonstrate either that his lawyers' performance was deficient or that he suffered prejudice as a result. The district court thus concluded that Freeman was unentitled to coram nobis relief because he had failed to raise a claim that "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."

II.    Discussion

We review a district court's denial of a petition for a writ of error coram nobis for abuse of discretion. United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002). Under this standard of review, we will overturn a district court's determination only if it is "manifestly erroneous." United States v. Wilson, 788

F.3d 1298, 1314 (11th Cir. 2015). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes finding of fact that are clearly erroneous." Id.

Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). The "writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Id.; see Lowery v. United States, 956 F.2d 227, 229 (11th Cir. 1992) (noting that it is "difficult to conceive of a situation in a federal criminal case today where coram nobis relief would be necessary or appropriate." (quotation and alteration omitted)).

"The bar for coram nobis relief is high." Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). The writ may issue only when, among other things, (1) "there is and was no other available avenue of relief" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Id. A district court "may consider coram nobis petitions only where . . . the petitioner presents sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1204.

Under the circumstances of this case, we will assume that Freeman was unable to raise earlier his ineffective-assistance-of-counsel claims in a properly filed section 2255 motion. Freeman's conviction became final on 3 October 2016, when the Supreme Court denied his petition for a writ of certiorari. By that time, however, Freeman's term of probation had been terminated; and, thus, he was no longer "in custody" for purposes of seeking section 2255 relief.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. Amend. VI. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his lawyer's performance "fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc). If the defendant makes an insufficient showing on one element, we need not address the other. Strickland v. Washington, 466 U.S. 668, 697 (1984). A "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

6

A.

Freeman first claims that his trial and appellate lawyers were ineffective for failing to move to dismiss the superseding indictment as untimely on grounds that the superseding indictment did not relate back to the original indictment.

When -- as in this case -- a superseding indictment is filed after the expiration of the statute of limitations, the superseding indictment is still valid if (1) the pending original indictment was timely filed and (2) "the superseding indictment does not broaden or substantially amend the original charges." See United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir. 1990).

The record supports the district court's determination that the superseding indictment included no new charges or potential for increased punishment. Instead, the superseding indictment provided additional details about the origin of and the mechanics surrounding the concealment of the funds charged in the original indictment. We agree with the district court's determination that "reasonable competent counsel could have concluded that the superseding indictment did not 'broaden or substantially amend' the original charge." Nor did the district court err in concluding that Freeman could show no prejudice: in ruling

7

on Freeman's pretrial motion to dismiss, the district court said expressly that the superseding indictment related back to the original indictment.

### B.

Freeman also argued that his trial and appellate lawyers were ineffective for failing to argue that the government constructively amended the indictment during trial by introducing evidence of acts of concealment not alleged in the superseding indictment.  In particular, Freeman challenges the government's introduction of evidence (1) of a second joint bank account not charged in the indictment, (2) of the origin of additional proceeds deposited into the charged bank account, (3) tending to show that Freeman defrauded his mother (the joint holder of the charged bank account), (4) of Freeman's personal use of funds from the charged bank account, and (5) of Freeman's failure to disclose the charged bank account on his bankruptcy schedules.

Under the Fifth Amendment, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone v. United States, 361 U.S. 212, 217 (1960).  An unlawful constructive amendment of the indictment "occurs when the essential elements of the offense contained in the

8

indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Madden, 733 F.3d 1314, 1318 (11th Cir. 2013). On the other hand, "evidence that properly was admitted as intrinsic to the charged offenses does not impermissibly broaden the indictment to include other crimes." United States v. Holt, 777 F.3d 1234, 1261 (11th Cir. 2015).

The district court determined correctly that the complained-of evidence was introduced to establish Freeman's ownership and use of the funds in the concealed bank account and to rebut Freeman's defense that he lacked the requisite intent to conceal the assets. Evidence pertaining to the origin of the funds in the concealed account and to Freeman's use of those funds helped provide context for the charged offense. We have said that evidence is admissible -- even if not part of the charged offense -- if it relates to "the chain of events explaining the context, motive and set-up of the crime . . . , or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." Id. at 1262.

The district court committed no error in concluding that Freeman fell short of showing that his lawyers' failure to raise an argument about constructive amendment constituted deficient performance.

9

C.

Freeman next argues that his trial lawyer was ineffective for failing to object to the general verdict form that he says permitted a non-unanimous verdict.  He contends that the indictment alleged several acts of post-petition concealment, each of which could have constituted a violation of section 152(1).

To convict a criminal defendant, a jury must find unanimously that the government proved each element of the charged offense.  Richardson v. United States, 526 U.S. 813, 817 (1999).  But "not every fact important to a determination of guilt constitutes an element of the offense."  United States v. Jockisch, 857 F.3d 1122, 1127 (11th Cir. 2017).  "[I]f a fact is an element, the jury must unanimously agree that this fact has been proved beyond a reasonable doubt; but if a particular fact is nothing more than a possible means by which a defendant met an element of the offense, than no unanimity is required."  Id.

To sustain a conviction under 18 U.S.C. § 152(1), the government needed to prove that Freeman "knowingly and fraudulently conceal[ed] . . . any property belonging to the estate of a debtor."  The factual allegations in the superseding indictment about Freeman's specific acts of concealment were not themselves elements of the offense, but rather the possible means by which Freeman satisfied

10

the element of knowing and fraudulent concealment.  The jury was required only to render a unanimous verdict about whether Freeman concealed knowingly and fraudulently the bank account listed in the indictment.  That the jurors might have disagreed about the specific means of concealment does not render the verdict non-unanimous.  See id.  Freeman has thus missed showing that this lawyer acted outside the wide range of competent counsel in failing to object to the use of the general verdict form.

On this record, Freeman has failed to demonstrate a factual error of such fundamental character that it rendered his criminal proceedings irregular or invalid. In considering Freeman's petition for writ of error coram nobis, the district court applied correctly the applicable legal standards and made no clearly erroneous findings of fact.  We see no abuse of discretion in the district court's denial of coram nobis relief.

AFFIRMED.

11