**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10405
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTHONY RAY LAWRENCE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cr-00439-MHH-NAD-1
_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Anthony Ray Lawrence appeals his conviction for attempting to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).  He argues that the district court

2                    Opinion of the Court                    25-10405

should have required the jury to specify in a special-verdict form which underlying state offense supported his § 2422(b) conviction. The problem, which Lawrence recognizes, is that our precedent forecloses that argument. In *United States v. Jockisch*, we held that when the government relies on multiple potential state predicate offenses to convict a defendant under § 2422(b), the jury need not unanimously agree about which sex offense the defendant's intended conduct would have violated. 857 F.3d 1122, 1131 (11th Cir. 2017). So the district court here did not abuse its discretion when it failed to require the jury to specify which sex offense Lawrence would have violated had his attempt ripened into completed conduct.

Lawrence responds that *Jockisch* was wrongly decided. But our prior-panel precedent rule shuts that argument down, too. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Accordingly, Lawrence's challenge to his conviction fails.

⋆    ⋆    ⋆

We **AFFIRM** the district court's judgment.